**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SILVESTRE HERNANDEZ-MARTINEZ, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 13-71892 <br><br> Agency No. A200-948-156 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Department of Homeland Security

Submitted December 9, 2015[**]

Before:     WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

Silvestre Hernandez-Martinez, a native and citizen of Mexico, petitions for

review of the Department of Homeland Security's ("DHS") August 8, 2012, order

reinstating his 2011 order of removal.  We have jurisdiction under 8 U.S.C. § 1252.

We review de novo constitutional claims, but our review is otherwise "limited to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

confirming the agency's compliance with the reinstatement regulations." *Garcia de Rincon v. DHS*, 539 F.3d 1133, 1136-37 (9th Cir. 2008). We deny the petition for review.

The DHS did not err in issuing Hernandez-Martinez' reinstatement order, where the record shows that he was an alien, he was subject to a prior order of removal in 2011, and he illegally reentered subsequent to that order. *See id.* at 1137 (our jurisdiction is limited to reviewing "three discrete inquiries an immigration officer must make in order to reinstate a removal order: (1) whether the petitioner is an alien; (2) whether the petitioner was subject to a prior removal order, and (3) whether the petitioner re-entered illegally"); 8 U.S.C. § 1231(a)(5) (if the DHS "finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date").

To the extent that Hernandez-Martinez raises a procedural due process challenge regarding an unchecked box on his Form I-871, he has not established prejudice. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice).

Hernandez-Martinez' remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED.**